| | | |
|---|---|---|
| JOHN SHEPARD, GUY YOCHAM, FRED A. OVERLY and JOHN C. CALHOUN, a Texas General Partnership, LARRY GREENWOOD, and GLENNWOOD WARNCKE, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| CHARLES D. NASH, | § § | |
| Defendant, | § § | |
| and | § § | |
| SANDRA BRAUN COVINGTON, Independent Executrix of the Estate of Barbara Baird; SANDRA BRAUN COVINGTON, Independent Executrix of the Estate of Rufus Bruce Baird; KATHLEEN BROWNE; MARK L. BROWNE, JR.; MARK L. BROWNE, III; BONNIE BROWNE COMBS; ELMER C. HAAG, Trustee of the Marsha B. Haag Trust; and CYNTHIA BROWNE PASSMORE, | § § § § § § § § § § § § | Case No. 4:11-CV-415 |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | § § § | |
| SANDRA BRAUN COVINGTON, Individually; and MARK L. BROWNE, JR., Co-Trustee of the Mark L. Browne, Jr. and Virginia M. Browne Revocable Living Trust, | § § § § § | |
| Intervenors, | § § | |
| CH4NET.COM, LTD., a New Mexico Limited Partnership; SARITA MINERAL | § § | |

CORPORATION; UNKNOWN TRUSTEE §
of the Cyril C. Parker and Patricia A. Parker §
Revocable Trust; SABI OIL AND §
MINERALS LLC; SABETAY ARGUETE; §
CREEDE, LTD.; UTOPIA ENERGY CO.; §
JAMES E. WILLIAMS; METRO-GRO, INC.; §
HOWARD C. DUCKWORTH; MICHELLE §
S. DUCKWORTH; PALO VERDE §
ENTERPRISES LLC; FRED A. OVERLY; §
JOHN C. CALHOUN; WARNCKE §
PARTNERS, LTD.; GREGG W. §
THOMPSON; RAY LOZANO; BARBARA §
LOZANO; CATARINA PETROLEUM, L.C.; §
ARROW PETROLEUM COMPANY, a §
Texas Corporation; KRYSTAL §
INDUSTRIES, INC.; GREAT WESTERN §
DRILLING, LTD; YARBOROUGH OIL & §
GAS, L.P.; STANLEY PERKINS; §
SANDRA J. PERKINS; WACODATE, INC.; §
JIM HASSLOCHER; METCO OIL §
CORPORATION; WILLIAM W. DUNN; §
DOROTHY DUNN; CHARLES JONES; §
RIO-TEX, INC.; HAZEL NELSON; §
HAZEL NELSON, Executrix of the Estate §
of Sherman Nelson; JOHN J. NELSON; §
JOE A MUELLER, Trustee; ROBERT E. §
TUCKER; MIKE H. ROBERTS; DIANE §
HEATH LOWDER; GEORGE TUCKER; §
UNKNOWN TRUSTEE OF THE §
YARBOROUGH 1967 TRUST; ROBERT §
DEVELLIS; JAMES J. WINKLE; BURTON §
RAINS WINKLE; HAROLD J. HARTMAN; §
LARRY E. FERGUSON; ROBERT LEE §
DEWEES; IBM TRUST, WILLIAM §
WESLEY PERRY, Trustee; BARBARA §
ROBERTS; and JUDY D. OPPENHEIMER, §
§
     Third-Party Defendants. §

## MEMORANDUM OPINION AND ORDER GRANTING THE BROWNE FAMILY'S MOTION TO REMAND AND MOTION FOR LEAVE TO PROSECUTE

The following are pending before the court:

1.  The Browne Family's motion to remand, motion for leave and motion to transfer (docket entry #11);

2.  S. Gregory Hays's (the court appointed receiver for Third-Party Defendant Greg W. Thompson) and Plaintiffs/Counter-Defendants' and numerous Third-Party Defendants' joint response to the Browne Family's motion to remand, motion for leave and motion to transfer (docket entry #13);

3.  The Browne Family's reply to the joint response to the Browne Family's motion to remand, motion for leave and motion to transfer (docket entry #15); and

4.  S. Gregory Hays's (the court appointed receiver for Third-Party Defendant Greg W. Thompson) and Plaintiffs/Counter-Defendants' and numerous Third-Party Defendants' sur-reply opposing the Browne Family's motion to remand, motion for leave and motion to transfer (docket entry #16).

Having considered the Browne Family's motion and the responsive briefing in opposition thereto, the court finds that the motion should be granted.

## FEDERAL RECEIVERSHIP

On December 7, 2005, the Securities and Exchange Commission initiated a lawsuit in this court against several entities and individuals alleging that the same participated in a Ponzi scheme that led to a fraud on the investment creditors. *See Securities and Exchange Commission v. Travis E. Correll, et al.*, 4:05-cv-472. On the same day, this court entered an "Order Appointing Receiver" (docket entry #7). The order provides in pertinent part as follows:

1.  This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of Defendants . . . Gregory W. Thompson, . . . and of the assets[,] monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated of Relief Defendants, that they obtained, directly or indirectly from Defendants, or that are attributable to funds provided to Relief Defendants by Defendants or by an investor or client of the Defendants.

5.    The Receiver shall have and possess all powers and rights to administer and manage the Receiver Estate, including, but not limited to the power and authority to:

    (i)    to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Estate or proceeds there from, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the administration, preservation and maintenance of the Receivership Estate; . . .

Thereafter, on October 31, 2006, the court entered an "Agreed Judgment as to Defendant Gregory W. Thompson" (docket entry #180). On July 17, 2010, the court signed a "Final Judgment Against Defendant Gregory W. Thompson, Setting Monetary Relief and Reciting Previously Imposed Injunctions" (docket entry #483). In the final judgment, the court ordered the following:

    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $40,909, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $24,421, and a civil penalty in the amount of $<u>130,000</u> pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall satisfy this obligation by paying $<u>195,330.00</u> **($65,330 + Amount of Civil Penalty)** within 14 days after entry of this Final Judgment to the Receiver appointed in this case, together with a cover letter identifying Thompson as a defendant in this action; setting forth the title and civil action number of this action and the name of this court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 [U.S.C.] § 1961.[1]

On March 28, 2011, the court entered an order administratively closing this case. The order

---

[1]It appears that Thompson has failed to satisfy this judgment as ordered.

administratively closing the case provided in pertinent part as follows:

       4.     The Receiver's work in this case has slowed over the past year, with the remaining work shifting from standard receivership issues to various issues associated with the Receiver's pursuit of a few potential sources of additional recoveries to the Receiver Estate and final administration of the Receiver Estate. The potential sources of additional recoveries include, among other things:

—————

      •    the sale of certain oil and gas interests of Defendant Gregory Thompson;

—————

       5.     It is unclear whether the Receiver will recover a significant amount of funds from his pursuit of the potential sources of additional recoveries referenced above, and it is unclear how long it will take the Receiver to conclude his pursuit of such recoveries.

       Based on the foregoing, and for good cause shown, IT IS HEREBY ORDERED that:

       1.     This action is hereby administratively closed pending the Receiver's completion of his efforts to pursue the remaining potential sources of additional recoveries.

       2.     This court shall retain jurisdiction over any and all matters relating to the receivership and the Receiver Estate, including any matters relating to the distribution of funds received by the Receiver after the receivership is closed. . . .

       3.     The Receiver shall continue to have all rights, powers, and protections as set forth in previous orders, including, without limitation, the Receivership Order and the Order approving the Plan.

## STATE COURT ACTION

In state court, a title dispute was brewing over the mineral estate underlying 6,259 acres of the Browne Family Ranch. The Browne Family Ranch (the "Leased Premises") is located in both Frio County and Zavala County, Texas. The issue appears to be whether a 1975 oil and gas lease

covering the Leased Premises terminated due to a complete cessation of production, unabated by any applicable lease savings provisions.

On October 7, 2010, some of the Lessees on the 1975 oil and gas lease sued the Browne Family in the 81st Judicial District Court of Frio County, Texas in cause number 10-10-00318CVF for breach of contract and a declaratory judgment. On October 19, 2010, the Browne Family filed a general denial, counterclaim, third-party petition and plea in intervention against all of the working interest and overriding royalty owners of the 1975 lease. On June 9, 2011, the Browne Family filed an amended petition seeking a declaratory judgment, suit to quiet title, slander of title, conversion, trespass, trespass to try title and loss of business opportunity.

Gregory W. Thompson ("Gregg W. Thompson" or "Thompson") was named as a third-party defendant. Thompson, however, was never served. Thompson was sued, apparently, because he claims to own an 8% working interest in the 1975 lease.

## REMOVAL

On July 5, 2011, S. Gregory Hays, as Receiver for Thompson ("Receiver"), removed the state court lawsuit to this court. On July 6, 2011, the Receiver filed his amended notice of removal, stating that the order appointing receiver vests this court with exclusive jurisdiction over all claims to Thompson's assets. In the amended notice of removal, the Receiver states as follows:

> 4. Until recently, the Receiver was content to let the Texas Lawsuit proceed in state court for several reasons. First, the litigants had only named Thompson as a third-party defendant but made no effort to serve him or the Receiver. Second, the Receiver believed the primary parties would settle the matter – and potentially pay the receivership estate – without the Receiver having to file a pleading. Third, it was not until the mediation on June 6, 2011, that the Receiver could appreciate the likelihood that these claims will be determined in court.

RECEIVER'S AMD. NOTICE OF REMOVAL, p. 3, ¶ 4. The Receiver goes on to state that "[s]ince the

parties failed to settle the Texas Lawsuit at mediation, it is now clear that the Texas state court would have to determine whether the disputed mineral interests are a receivership asset." *Id*. at p. 4, ¶ 5.

As noted by the Browne Family, the notice of removal does not allege that this court is vested with either federal question or diversity jurisdiction. The Receiver candidly admits that jurisdiction is ancillary and premised on the order appointing receiver.

It appears to the court that the question to be determined by the state court lawsuit is whether Thompson and the remaining 92% of the working interest owners held a valid leasehold interest in the 1975 lease. As noted in the order appointing receiver, the Receiver has the authority to defend lawsuits concerning the receivership estate in either state or federal court. In fact, the Receiver was content to monitor the state court lawsuit in state court for approximately nine months.

However, the Receiver contends that removal became necessary for three reasons. First, the Receiver argues that since, initially, neither the Receiver nor Thompson were ever served, the lawsuit could remain in state court. While the Receiver contends that service is a factor that weighs in favor of removal, the court notes that, to date, neither the Receiver nor Thompson have ever been served.[2] Second and third, the Receiver believed that the primary parties would settle the state court lawsuit during mediation. However, since mediation was unsuccessful, the Receiver concluded that removal was necessary.

Although the order appointing receiver gave this court exclusive jurisdiction over Thompson's assets, the scope of Thompson's assets in the state court action is yet to be determined. The court sees no reason why the state court action cannot proceed in state court. The order

_____

[2]Further, even after removing the lawsuit to this court, the Receiver still has not filed an answer in this case.

appointing receiver gives the Receiver authority to defend the state court lawsuit in state court. Without any other jurisdictional basis to proceed in this court, the court finds that this case should be remanded to state court. *See, e.g., Becker v. Green*, 2009 WL 2948463 (Mag. J.)(M.D. La.), *adopted by* 2009 WL 2948407 (M.D. La. 2009).

The court, however, feels compelled to express some concern about the progress of the receivership concerning Thompson. First, the court is concerned that Thompson did not comply with the terms of the final judgment. Thompson was ordered to pay $195,330.00 to the Receiver within 14 days after the entry of the judgment. Thompson should have paid said amount no later than August 2, 2010. However, as noted previously, Thompson has not yet satisfied this judgment. Second, apparently the Browne Family made a settlement offer to the Receiver to pay the $40,909 still due and owing to the defrauded creditors in cash within two weeks of the Receiver's acceptance of the offer. While the offer was exclusive of the civil penalty and prejudgment interest, it appears to the court that acceptance of the offer may have been beneficial to the receivership estate. Recognizing that the court is not privy to the reasons why the Receiver rejected the offer, the court encourages the Receiver to consider whether acceptance of the offer outweighs the costs of protracted litigation.

## CONCLUSION

Based on the foregoing, the court hereby **GRANTS** the Browne Family's motion to remand, motion for leave and motion to transfer (docket entry #11). This case is **REMANDED** to the 81st Judicial District Court of Frio County, Texas. The Plaintiffs and the Browne Family may prosecute their case in the 81st Judicial District Court of Frio County, Texas.

IT IS SO ORDERED.

**SIGNED this the 31st day of March, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE